UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
SHELLEY HIX, individually and on behalf of
all others similarly situated,

        Plaintiff,

  -v-                                    No.  15CV217-LTS-JCF

MORGAN STANLEY & CO. LLC,
f/k/a Morgan Stanley & Co. Inc., et al.,

        Defendants.
-------------------------------------------------------x

## MEMORANDUM OPINION AND ORDER

        Before the Court is a motion by Morgan Stanley & Co. LLC, f/k/a Morgan Stanley & Co. Inc., Morgan Stanley Smith Barney LLC ("MSSB"), and Morgan Stanley (collectively, "Defendants"), seeking an order, pursuant to 28 U.S.C. section 1404(a), transferring this putative collective action to the United States District Court for the District of Maryland.

        The Court has reviewed thoroughly the submissions and arguments of the parties. For the following reasons, the motion is granted, and the action will be transferred to the District of Maryland.

        Plaintiff was employed by MSSB from June 1, 2009 through November 15, 2013, first at its 125 West Street, Annapolis, Maryland branch and then at its 410 Seventh Avenue, Annapolis, Maryland branch.  Plaintiff alleges that, during her employment as an Operations Associate, she regularly worked more than 40 hours per week but was not paid overtime compensation as required by section 16(b) of the federal Fair Labor Standards Act.  Plaintiff alleges that overtime compensation was denied pursuant to a corporate-wide practice and policy

of Defendants that is coordinated by Defendants' headquarters offices in the Southern District of New York.  According to MSSB's records, Plaintiff resides in Edgewater, Maryland.

Section 1404(a) permits the district court to transfer any civil action to another district where it might have been brought, where such transfer is "[f]or the convenience of the parties and witnesses, in the interest of justice."  28 U.S.C.S. § 1404(a) (LexisNexis 2012).  Thus, "[s]ection 1404(a) proposes a two-part test.  First, the transferee district must be one where jurisdiction over the defendant could have been obtained at the time suit was brought, regardless of defendant's consent.  Second, the transfer must be in the interest of justice and convenience of the parties and witnesses."  Whitehaus Collection v. Barclay Products, Ltd., No. 11CV217, 2011 WL 4036097 (S.D.N.Y. Aug. 29, 2011) (internal quotation marks omitted).

The parties do not dispute that Plaintiff's claims against Defendants could have been brought in the District of Maryland.  Having satisfied that threshold inquiry, the Court must evaluate the following factors in determining whether transfer is appropriate:

> (1) the convenience of the witnesses; (2) the convenience of the parties; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with governing law; (8) the weight accorded to plaintiff's choice of forum; and (9) trial efficiency and the interests of justice.

Morris v. Ernst & Young, LLP, No. 12CV838, 2012 WL 3964744, at *3 (S.D.N.Y. Sept. 11, 2012) (quoting In re Collins & Aikman Corp. Sec. Litig., 438 F. Supp. 2d 392, 394 (S.D.N.Y. 2006)).  The party seeking transfer "carries the burden of making out a strong case for transfer" through "clear and convincing evidence."  See N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc., 599 F.3d 102, 114 (2d Cir. 2010) (quoting Filmline (Cross–Country) Prods., Inc. v. United Artists Corp., 865 F.2d 513, 521 (2d Cir. 1989)) (internal quotation marks omitted).

District courts "have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness [must be] considered on a case-by-case basis." D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 106 (2d Cir. 2006). "An important interest to be considered is the discouragement of forum shopping." Freeman v. Hoffmann-La Roche Inc., No. 06CIV13497, 2007 WL 895282, at *3 (S.D.N.Y. Mar. 21, 2007) (quoting Unique Indus., Inc. v. Lisa Frank, Inc., No. 93 Civ. 8037, 1994 WL 525041, at *2 (S.D.N.Y. Sept. 23, 1994)) (internal quotation marks omitted).  Accordingly, a plaintiff's choice of forum is given less deference when it is not her home district.  Freeman, 2007 WL 895282, at *4.

Here, the likely witnesses who have thus far been identified are all located in or near the District of Maryland.  The Plaintiff resides in the District of Maryland.  The locations at which she was employed, and her alleged overtime work was performed, are both in the District of Maryland, and relevant documents and other sources of proof for Plaintiff's claims are presumably located therein.  Although Plaintiff alleges in her complaint that she was denied overtime pursuant to a nationwide company policy, she has identified no facts, evidence, or witnesses in support of the claim, in New York or elsewhere.

In light of Plaintiff's residency in the District of Maryland, the Court gives her choice of this District only limited deference.  In the absence of factual proffers indicating that relevant evidence is likely to be located in this District, the choice of New York venue suggests forum shopping.

The remaining factors weigh, on balance, strongly in favor of transferring venue in this case to the United States District Court for the District of Maryland.  For example, the locus of operative facts – a significant factor in analyzing a motion for transfer under § 1404(a) –

strongly suggests Maryland as the proper venue.

The Court has considered the remainder of Plaintiffs' objections to transfer and finds that they are without merit, or that they otherwise fail to outweigh Defendants' strong showing. Defendants have demonstrated, through a clear and convincing showing, that the interests of justice and convenience to the parties and witnesses strongly favor transfer of this case to the United States District Court for the District of Maryland.

## CONCLUSION

For the foregoing reasons, Defendants' motion to transfer is granted. The Clerk of Court is requested to transfer the above-captioned action to the United States District Court for the District of Maryland and close it on the books of this Court.

This Order resolves docket entry no. 9.

The conference scheduled for May 8, 2015, is cancelled.

SO ORDERED.

Dated: New York, New York
April 15, 2015

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge